

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2007

# Brown v. Brown

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2961

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Brown v. Brown" (2007). *2007 Decisions.* Paper 442.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/442

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2961

FRANK M. BROWN

v.

DEVON BROWN, Commissioner (DOC); ADMINISTRATOR
ALFARO ORTIZ, (EJSP); LANCE MEEHAN, (DOC); JOSEPH
RING, Acting Chief (EJSP); LT. MURRAY, (EJSP);
SGT. CAPOZZOLI (EJSP); SGT. SALORT; JOHN DOES
(EJSP), all are being sued in their individual
and official capacities

Frank Brown,
                    Appellant

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-05022)
District Judge: Honorable Joseph A. Greenaway, Jr.

Submitted under Third Circuit LAR 34.1(a)
June 21, 2007

Before:   BARRY, CHAGARES AND ROTH,  Circuit Judges

(Filed:  September 13, 2007)

O P I N I O N

**PER CURIAM**

Frank Brown appeals the order of the United States District Court for the District of New Jersey administratively closing his civil action and denying his motion to reopen. For the reasons discussed below, we will affirm.

We will briefly summarize only the relevant factual background of this case. Brown submitted his complaint to the District Court on October 19, 2005, alleging wrongdoing by prison officials arising from a July 24, 2005 incident report. Brown submitted payments of $90.00 and $150.00 towards the $250.00 filing fee due under 28 U.S.C. § 1914(a).[1] On December 15, 2005, the District Court issued an order directing the Clerk of Court to supply Brown with a blank form application to proceed in forma pauperis ("IFP") and directing Brown, within thirty days, either to remit the remainder of the filing fee due,[2] or to complete the requirements for proceeding IFP. On February 22, 2006, the District Court issued another order, noting that only $240.00 of the filing fee had been paid, that Brown had failed to prepay the $250.00 amount as required by Local Civil Rule 54.3(a), and that Brown had not submitted a completed application to proceed IFP. Thus, the District Court again directed the Clerk to supply an IFP form to Brown, and again directed Brown to pay the remaining $10.00 of the filing fee, or to complete the requirements for proceeding IFP. The

---

[1] Section 1914(a) has been amended since then to raise the filing fee to $350.00.

[2] The District Court did not credit Brown with the $90.00 payment in this order, but this discrepancy makes no difference to our analysis, in light of the District Court's subsequent orders crediting the $90.00 payment.

2

District Court further warned that the case would be deemed withdrawn and would be closed if Brown failed to comply within thirty days. Having received no response within the compliance period, by order entered April 18, 2006–six months after Brown submitted his complaint–the District Court ordered that the case be administratively terminated for failure to remit the filing fee, and directed that the Clerk refund $240.00 to Brown.

On April 26, 2006, Brown filed a motion to reopen the case, accompanied by Brown's prison account statement reflecting a $10.00 transaction designated to the "Office of the US Clerk" on February 23, 2006. By order entered May 22, 2006, the District Court denied the motion to reopen, noting that the court still had not received the remaining $10.00 of the fee, that the Clerk had already refunded $240.00 back to Brown,[3] and that Brown had neither prepaid the full amount of the $250.00 fee nor applied for IFP status.[4] Brown appeals.

We review the District Court's administrative closure of the case for abuse of discretion. Cf. Redmond v. Gill, 352 F.3d 801, 802 (3d Cir. 2003) (reviewing dismissal for failure to comply with procedural requirement for proceeding IFP under 28 U.S.C. § 1915). Upon careful review of the record, we conclude that the District Court did not abuse its discretion in closing the case and denying the motion to reopen. The record reflects receipt of two payments towards the then-$250.00 filing fee: one payment in the amount of $90.00

---

[3] The District Court stated that the Clerk implemented its April 18, 2006 order by designating Fund Number 6855XX and issuing to Brown check number 123825 in the amount of $240.00.

[4] In addition, the District Court again directed the Clerk to supply to Brown a blank IFP application form, noting that Brown could choose to use it for filing a future action and informing him that the statutory filing fee had increased to $350.00 as of April 2006.

and the other in the amount of $150.00, for a total of $240.00. There is no receipt in the record for the $10.00 balance due. Neither is there a completed IFP application in the record. Brown met neither the fee requirement nor the IFP requirement, despite the District Court's orders providing opportunities for and directing compliance, with the warning that the matter would be closed. The District Court afforded Brown months to comply. We discern no error in the District Court's order closing the case. Brown argues that the District Court could have required prison officials to assess his prison account under 28 U.S.C. § 1915 for the unpaid filing fee, instead of closing his case. This argument is without merit, because Brown did not complete an IFP application and therefore was not proceeding under section 1915.

In addition, we discern no abuse of discretion in the District Court's denial of the motion to reopen. The copy of the account statement that Brown submitted with his motion shows a $10.00 transaction having been made, but it does not show that the District Court ever received it or that it was intended for the payment of fees in this particular civil action. Brown's motion is dated April 26, 2006, but on April 18, 2006, the Clerk had already refunded the $240 previously paid, which Brown does not dispute. Given that neither the filing fee requirement nor the IFP application requirement were completed at the time of the motion to reopen, we discern no error in the District Court's denial of that motion.

We will **affirm** the judgment of the District Court.